## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AMALI OBAYA, | § | |
| *Plaintiff* | § | |
| | § | SA-21-CV-00935-XR |
| -vs- | § | |
| | § | |
| ALLSTATE VEHICLE & PROPERTY | § | |
| INSURANCE COMPANY, | § | |
| *Defendant* | § | |

## ORDER

On this date, the Court considered Plaintiff's Motion to Remand (ECF No. 5), Defendant's Response (ECF No. 12), and Plaintiff's Reply (ECF No. 13). After careful consideration, it is hereby ordered that the motion is **GRANTED** and that this case is remanded to the 288th District Court, Bexar County, Texas.

## BACKGROUND

Plaintiff Amali Obaya owns the property located at 10626 Cavelier Point, San Antonio, Texas 78254 (hereinafter, the "Property"). ECF No. 1-4, at 2. Plaintiff purchased Texas insurance policy 00938533196 (hereinafter, the "Policy") to insure the Property. *Id.* On or about February 16, 2021, a wind/hailstorm caused damage to the insured Property, and Plaintiff submitted a claim against the Policy. *Id.* Plaintiff alleges that her claim was unreasonably investigated, improperly adjusted, and that Defendant wrongfully denied the claim. *Id.* at 3. Plaintiff sued Allstate Vehicle and Property Insurance Company for violations of the Texas Insurance Code, Deceptive Trade Practices Act, intentional breach of contract, breach of the common law duty of good faith and fair dealing, and common law fraud. *Id.* at 6–11. Plaintiff originally brought suit in the 288th Judicial District Court of Bexar County, Texas. *Id.* at 1.

1

Plaintiff did not assert claims against Allstate Texas Lloyd's in state court, nor did Allstate Texas Lloyd's utilize procedural means to become an actual party to the lawsuit. *See* ECF No. 1.

Allstate Texas Lloyd's removed the case to this Court on October 8, 2021, alleging diversity jurisdiction. *Id.* Plaintiff timely moves to remand, arguing that Allstate Texas Lloyd's was not an actual party to the state court action and thus lacked the power to remove the case to federal court. ECF No. 5. Defendant opposes remand. ECF No. 12.

## DISCUSSION

### I.     Legal Standard

On a motion to remand, a court must consider whether removal to federal court was proper. Removal is proper in any "civil action brought in State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *Valencia v. Allstate Texas Lloyd's*, 976 F.3d 593, 595 (5th Cir. 2020) (quoting *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).

When, as here, the federal court's subject matter jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332, diversity of citizenship must exist at the time of removal. *Tex. Beef Grp. v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000). Furthermore, "a case filed in state court may be removed to federal court only by 'the defendant or the defendants.'" *Valencia*, 976 F.3d at 595 (quoting 28 U.S.C. § 1441(a)). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot–Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)).

## II.   Analysis

In this case, the burden is on Allstate Texas Lloyd's, the entity asserting diversity jurisdiction, to prove it was entitled to remove the case to this Court. *See Valencia*, 976 F.3d at 595. Plaintiff argues that Allstate Texas Lloyd's was not entitled to remove the case because it was not a defendant to the state court proceedings. Allstate Texas Lloyd's argues that it is the proper defendant in this case and that Plaintiff's "misidentification does not destroy diversity jurisdiction" because both Allstate Texas Lloyd's and Allstate Vehicle and Property Insurance are Illinois citizens and Plaintiff is a Texas citizen. ECF No. 12, at 1. However, the Fifth Circuit specifically rejected the notion that misidentification grants the misidentified party the power to remove a case. *Valencia*, 976 F.3d at 597 ("There are circumstances in which a misidentification may be overlooked . . . But such circumstances concern questions about the statute of limitations that are not relevant here.").

Regardless of whether Allstate Texas Lloyd's and Allstate Vehicle and Property Insurance are diverse of Plaintiff, the central question remains: Did Allstate Texas Lloyd's have the authority to remove this case to federal court? The answer, under *Valencia*, is no. Allstate Texas Lloyd's concedes that it is a separate legal entity from the named defendant Allstate Vehicle and Property Insurance. ECF No. 12, at 4. Nothing in the state court record establishes that Allstate Texas Lloyd's was an actual party to the lawsuit prior to filing its Notice of Removal. *See* ECF No. 1. "The law is clear that a case filed in state court may be removed to federal court only by 'the defendant or defendants' . . . and . . . [a] non-party, *even one that claims to be the proper party in interest*, is not a defendant and accordingly lacks the authority to remove a case." *Valencia*, 976 F3d at 595 (emphasis added) (citing *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 575 (5th Cir. 2006) ("[W]here an entity has not properly been made

a party in state court, removal jurisdiction cannot be premised on its presence in the action.")). Allstate Texas Lloyd's was not a defendant in the state court action, thus it lacked the power to remove the case to this Court.

### CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Remand (ECF No. 5) is **GRANTED**. Accordingly, the Court **REMANDS** this case pursuant to 28 U.S.C. § 1447(c), (d), for lack of subject matter jurisdiction. The Clerk is directed to remand this case to the 288th Judicial District Court of Bexar County, Texas and to close this case.

It is so **ORDERED**.

**SIGNED** this 26th day of October, 2021.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE